Spring Term<br>1839.<br><br>Arnold's Ex'ors<br>vs<br>Crook.

---

## Arnold's Executor *vs.* Crooks.

[Mr. Dana for plaintiffs: Mr. McCann for defendant.]

FROM THE CIRCUIT COURT FOR GRANT COUNTY.

Chief Justice ROBERTSON delivered the Opinion of the Court.

APPEAL<br>FROM A J. P.<br><br>April 22.

THERE is no law authorizing a judgment for costs, *as costs,* in a common law suit against an executor who sued on a cause of action which had accrued to his testator, and not to himself; and an appeal from a Justice to the Circuit Court is, in this respect, like other cases. The statute of 1812 (1 *Stat. Law,* 675,) applies only to the Court of Appeals; and moreover, does not apply to a judgment for costs, but only prescribes the mode of taking *supersedeas* and appeal bonds. Wherefore it seems to this Court, that there should have been no judgment whatever for costs in this case; and even had any such judgment been proper, it should have been *de bonis testatoris,* and not, as it was, *de bonis propriis.*

Judgment for costs therefore reversed.

An executor who sued on a cause of action that accrued to his testator, is not liable for costs. Nor are ex'ors who proceeded by a warrant on a note given to the testator, were defeated before the J. P. and appealed, liable to a judgment for costs, upon a verdict & judgment against them, in the trial of the appeal. The statute of 1812 does not apply to such cases.